# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEWART W. KELLY and MAUREEN M. KELLY, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR AMERICAN GENERAL MORTGAGE LOAN TRUST 2009-1 AMERICAN GENERAL MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2009-1; NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and MOREQUITY INC., | )<br>)  Case No.: 18-2153-CM<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## AGREED PROTECTIVE ORDER

Plaintiffs Stewart W. Kelly and Maureen M. Kelly (collectively, the **plaintiffs**) and defendants U.S. Bank National Association, as Trustee for American General Mortgage Loan Trust 2009-1 American General Mortgage Pass-Through Certificates Series 2009-1 (**U.S. Bank**); and Nationstar Mortgage LLC dba Mr. Cooper (**Nationstar**) (collectively, **defendants**, and together with plaintiffs, the **parties**) agree during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action.

The parties agree certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties have jointly moved (ECF No. 21) for entry of this Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

1

The parties assert in support of their request that protection of the identified categories of confidential information is necessary because such documents and information will contain, *inter alia*, personal financial information, trade secrets, proprietary information, confidential information, and other sensitive business information not publicly disseminated.

For good cause shown under Fed. R. Civ. P. 26(c), the court grants the parties' joint request and hereby enters the following Protective Order:

1. <u>Scope</u>.  All documents and materials produced in the course of discovery of this case, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), are subject to this Order concerning Confidential Information as set forth below.  As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

2. <u>"CONFIDENTIAL" Documents, Materials, and Information</u>.  As used in this Order, "CONFIDENTIAL" materials shall be any documents or information designated under this Order and any notes, work papers, transcripts, or other documents respectively containing "CONFIDENTIAL" materials derived from such items.  Plaintiffs, defendants, or any third party may identify any documents or information, including but not limited to discovery materials produced by that party, initial disclosures, documents and things, answers to interrogatories, responses to requests for production, responses to requests for admission, deposition exhibits, and all or portions of deposition or hearing transcripts, as "CONFIDENTIAL" and designate the documents or information as such by affixing thereto a legend of "CONFIDENTIAL" or by designating through another method set forth in this Order or agreed to by the parties.

"Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use is restricted by statute or could potentially cause harm to the interests of disclosing party or nonparties.

Plaintiffs, defendants, or any third party may designate documents or information as "CONFIDENTIAL" to the extent the party, through counsel, believes "good cause" under Rule 26(c) exists to categorize the material as confidential because the material contains or includes: (**1**) confidential business or technical information; (**2**) trade secrets; (**3**) proprietary business methods or practices; (**4**) any other competitively sensitive confidential information; (**5**) personal information, including personal financial information about customers or applicants, any party to this lawsuit, or an employee of any party to this lawsuit; (**6**) information regarding any individual's banking or lending relationships, including, without limitation, information regarding any individual's mortgage or credit history and/or consumer information not otherwise available to the public; and (**7**) any other categories that are later agreed to in writing by the parties or ordered by the Court.

3. <u>Form and Timing of Designation</u>. Documents shall be designated as "CONFIDENTIAL" by stamping them with the word "CONFIDENTIAL" in a manner which will not interfere with their legibility. This designation shall only be used in a reasonable fashion and upon a good faith determination by counsel that a particular document contains non-public information and falls within one of the categories enumerated in Paragraph 1. This designation shall ordinarily be made before or at the same time as the production or disclosure of the material. Because materials described in Paragraph 1 shall be covered by this Order, there shall be no waiver of confidentiality if such materials are inadvertently produced without being stamped

"CONFIDENTIAL." Materials already produced in discovery in this litigation may be designated as "CONFIDENTIAL" upon written notice (without stamping), within fourteen (14) days of the entry of this Order, from the party asserting the confidentiality designation to all counsel of record to whom such documents have been produced by notifying the other party of the identity of the documents or information to be so designated. Any of the parties to this action can remove at any time its designation of "CONFIDENTIAL" from any of the documents or information it has previously so designated.

4. Treatment of "CONFIDENTIAL" Information. Unless otherwise ordered by the Court, "CONFIDENTIAL" material, and any quotes, summaries, charts, or notes made therefrom, and any facts or information contained therein or derived therefrom, shall be held in confidence and used by the parties to whom the documents and information are produced solely for the purpose of this case. The parties agree to take reasonable steps to maintain the confidentiality of the documents, information, and testimony relating thereto. During the pendency of this litigation, "CONFIDENTIAL" material, including all copies thereof, shall be retained solely in the custody of the parties' attorneys and shall not be placed in the possession of or disclosed to any other person, except as set forth in this Order, as otherwise agreed upon by the parties, or upon leave of Court. Each person to whom "CONFIDENTIAL" material is disclosed pursuant to this Order is hereby prohibited from exploiting in any way such documents or information for his, her or its own benefit, or from using such information for any purpose or in any manner not connected with the prosecution or defense of this case.

5. "Disclosure." As used herein, "disclosure" or to "disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise communicate "CONFIDENTIAL" material.

6. *Permissible Disclosure of "CONFIDENTIAL" Material*.  Except by order of this Court, or otherwise as required by law, material designated as "CONFIDENTIAL" (and any notes or documents that reflect or refer to such documents and information) shall not be disclosed to any person other than:

    a.    A party hereto;

    b.    Counsel employed by a party, or an employee of such counsel, to whom it is necessary that the materials be shown or the information known for purposes of this case;

    c.    Any employee or agent of a party to whom the "CONFIDENTIAL" materials are shown for the purpose of working directly on or testifying in connection with this litigation at the request of or at the direction of counsel for such party;

    d.    A person retained to assist in this action, such as an investigator, independent accountant, or other technical expert or consultant, who has signed an acknowledgement in the form of Exhibit A hereto, which signed acknowledgment shall be retained by the party who has retained such person;

    e.    This Court (or its employees or agents) pursuant to a court filing in connection with this action;

    f.    Any person(s) designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

    g.    Members of the jury at a public trial of this matter, subject to the requirements of Paragraph 11 below; or

    h.    A person who is deposed or who testifies at the hearing in this matter who has signed an acknowledgement in the form of Exhibit A hereto, which signed acknowledgment shall be retained by the party who has compelled such person to testify

at a deposition or trial. If the witness refuses to sign such form, the party compelling such testimony shall immediately notify opposing counsel and permit them seven (7) days to seek redress with the Court.

7. <u>Review of Own "CONFIDENTIAL" Materials</u>. The restrictions of this Order shall not apply to parties, and their employees, attorneys, experts or other authorized agents, when reviewing their own "CONFIDENTIAL" materials.

8. <u>Inadvertent Failure to Designate</u>. Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within seven (7) business days after discovery of the inadvertent failure.

9. <u>Deposition Transcripts</u>. Deposition testimony and deposition exhibits containing "CONFIDENTIAL" material shall be covered by this Order. During a deposition taken in this matter, Plaintiffs, Defendants or any third party, on the record, may designate as "CONFIDENTIAL" portions of the deposition testimony or deposition exhibits. Alternatively, Plaintiffs, Defendants or any third party may, by written notice to opposing counsel and the court reporter not later than fourteen (14) business days after receipt of the final deposition transcript, designate as "CONFIDENTIAL" any portions of the deposition testimony or deposition exhibits. Until expiration of the above fourteen (14) day period, all deposition transcripts will be treated as "CONFIDENTIAL" material unless otherwise agreed to in writing by the parties.

10. <u>Objections to "CONFIDENTIAL" Designations</u>. A party may object to the designation of particular "CONFIDENTIAL" information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within fourteen (14) business

days after the time the notice is received, it shall be the obligation of the party designating the information as "CONFIDENTIAL" to file an appropriate motion requesting the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information should be treated as "CONFIDENTIAL" under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as "CONFIDENTIAL" and shall not thereafter be treated as "CONFIDENTIAL" in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as "CONFIDENTIAL" shall bear the burden of establishing that good cause exists for the disputed information to be treated as "CONFIDENTIAL."

11. <u>Disclosing "CONFIDENTIAL" Material</u>. If any party wishes to disclose any "CONFIDENTIAL" material beyond the terms of Paragraphs 5-6 of this Order, that party shall provide all other parties with reasonable notice in writing of the request to disclose the materials, unless otherwise required by law. If the parties cannot resolve their disagreement with respect to the disclosure of any designated information, then a party may petition the Court for a determination of these issues. In the event that such a challenge is made, the party asserting the confidentiality designation shall have the burden of establishing that the designation is proper. Such "CONFIDENTIAL" material shall remain "CONFIDENTIAL" as stipulated by this Order until the Court rules on the party's specific petition.

12. <u>Pleadings and Other Court Submissions</u>. Each party agrees that when filing with Court any papers (including, without limitation, affidavits, memoranda, interrogatory answers, or depositions) that disclose directly or indirectly any "CONFIDENTIAL" material, such papers shall be filed under seal in accordance with the Court's local rules and requirements for filing documents

under seal.  *See* D. Kan. Rule 5.4.6.

If a party filing a non-dispositive motion seeks to file documents under seal, the filing party must show that good cause exists as defined by Federal Rule of Civil Procedure 26(c).  If a party filing a dispositive motion seeks to file documents under seal, the filing party must show "compelling reasons supported by specific factual findings outweigh the general history of access and the public policies favoring disclosure."  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-679 (9th Cir. 2010) (internal quotations and citations omitted).

The parties further recognize the possible need to use documents marked "CONFIDENTIAL" during the trial of this matter.  However, the parties agree to take reasonable steps to protect the confidentiality of any trial exhibits so designated to include asking the Court to ensure that any such documents referred to or offered into evidence at trial are filed with the Court under seal.

13. <u>Document Retention</u>.  After the conclusion of this matter (including the expiration of all appeals), (1) "CONFIDENTIAL" materials in the possession of the United States or its agencies shall be maintained or destroyed pursuant to the requirements of the Federal Records Disposal Act, 44 U.S.C. §§ 2901 *et seq.*, and applicable regulations promulgated thereunder, and any other applicable law; and (2) "CONFIDENTIAL" materials in the possession of other parties (including all originals and reproductions) ""shall be returned to the producing party within thirty (30) days of such conclusion or be destroyed (in which case counsel for the party destroying said documents shall certify in writing to the producing party within thirty (30) days of such conclusion that destruction of the "CONFIDENTIAL" materials has taken place).  Insofar as the provisions of this Order restrict the use of the documents produced hereunder, the Order shall continue to be

binding throughout and after the conclusion of this case, including all appeals, except as set forth in Paragraph 13.

14. <u>Admissibility</u>.  Nothing in this Order shall be construed to limit any party from producing or introducing any document into evidence at public hearing.  Subject to the Rules of Evidence, "CONFIDENTIAL" materials and other confidential information may be offered in evidence at trial or any court hearing.  Any party may move the court for an Order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure of any "CONFIDENTIAL" material.  The Court will then determine whether the proffered evidence should continue to be treated as "CONFIDENTIAL" and, if so, what protection, if any, may be afforded to such information at the trial or hearing.

15. <u>Scope of Discovery</u>.  Nothing in this Order shall preclude any party from opposing production of any documents or information, or from seeking further or different relief should future pretrial activities indicate such a need.

16. <u>Client Consultation.</u>  Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his or her client with respect to this case or from doing anything necessary to prosecute or defend this case and further the interests of his client, provided, however, that the attorney shall not disclose any material designated for protection hereunder where such disclosure would be contrary to the terms of this Order.

17. <u>Discretion of the Court.</u>  Nothing in this Order shall apply to, bind, or limit the Court or its employees in the performance of their duties.  Notwithstanding any foregoing suggestion to the contrary, the Court shall retain final and complete authority to re-designate any material previously designated as "CONFIDENTIAL" as a public document.

18. <u>Notice of Breach</u>.   It shall be the obligation of counsel, upon hearing of any breach or threatened breach of this Order by any person, promptly to notify counsel for the opposing and producing parties of such breach or threatened breach.   The parties shall make every reasonable effort to mark all discovery containing "CONFIDENTIAL" materials, but the mistaken or inadvertent failure to mark the discovery material, where notice has otherwise been given that it contains "CONFIDENTIAL" materials, shall not exempt it from the provisions of this Order.

19. <u>Litigation Use Only</u>.   All "CONFIDENTIAL" materials produced in this litigation, whether by a party or nonparty, and whether pursuant to the civil rules of procedure, subpoena, agreement or otherwise, and all information contained therein or derived therefrom, shall be used solely for the preparation and trial of this action (including any appeals and retrials), and may not be used for any other purpose, including business, governmental or commercial, or any other administrative or judicial proceedings or actions.

20. <u>Subpoena by Other Court or Agencies.</u>   If another court or an administrative agency subpoenas or orders production of "CONFIDENTIAL" materials that a party obtained under the terms of this Order, the party receiving the subpoena shall promptly notify the party or other person who designated the "CONFIDENTIAL" materials of the pendency of such subpoena or order.

21. <u>Inadvertent Disclosure Protection</u>.   Review of the "CONFIDENTIAL" materials labeled "CONFIDENTIAL" by counsel, experts, or consultants in the litigation shall not waive the "CONFIDENTIAL" designation or any objections to production.   "CONFIDENTIAL" materials inadvertently produced by any party or nonparty through discovery in this action without having been designated as "CONFIDENTIAL" shall be subject to the provisions of this Order to the same extent as if the inadvertent disclosure had not occurred so long as there is reasonable notice to the

other party of the inadvertent disclosure. If a producing party inadvertently discloses to a receiving party information that is privileged or otherwise immune from discovery, said producing party shall promptly, upon discovery of such disclosure, so advise the receiving party in writing and request that the item or items of information be returned. No party to this action shall thereafter assert that such disclosure waived any privilege or immunity. It is further agreed that the receiving party will return such inadvertently produced item or items of information and all copies thereof within fourteen (14) business days of receiving a written request for the return of such item or items of information from the producing party.

22. <u>Non-Parties</u>. Non-parties who are required to produce "CONFIDENTIAL" material in response to a subpoena, and who in good faith believe that such material contains confidential information, may rely on this Order and apply it to their production.

23. <u>Applicability to Parties Later Joined</u>. If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file with the court their written agreement to be bound by the provisions of this Order.

24. <u>Responsibility of Attorneys.</u> The attorneys of record are responsible for employing reasonable measures to control, consistent with this Order, the duplication of, access to, and distribution of copies of materials labeled "CONFIDENTIAL." Parties shall not duplicate any such materials except for working copies and for filing in court under seal. The attorneys of record further are responsible for employing reasonable measures to control, consistent with this Order, the dissemination or revelation of confidential information.

25. <u>Privacy Act.</u> If the United States discloses to any party a document or information that would otherwise be protected by the Privacy Act, this order is an order of the court pursuant to 5 U.S.C. § 552a(b)(11) which allows for such disclosure.

26. <u>Disclosure Pursuant to Court Order.</u>  Nothing herein shall prevent disclosure beyond the terms of this Agreed Protective Order pursuant to an order of any Court with appropriate jurisdiction or consent of all parties and any related or affected third party.

27. <u>Modification.</u>  The parties shall have the right to seek modification of this Order from the Court upon showing of good cause.

**IT IS SO ORDERED.**

Dated: October 16, 2018

 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

**ATTACHMENT A**

**ACKNOWLEDGMENT
AND
AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the case captioned, _____, and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Kansas in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____  _____
                                            Signature